UNITED STATES, Appellee

v.

Jeff R. WIECHMANN, Lieutenant Colonel
U.S. Marine Corps, Appellant

No. 09-0082

Crim. App. No. 200700593

United States Court of Appeals for the Armed Forces

Argued April 15, 2009

Decided July 9, 2009

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, and STUCKY, JJ., joined.  RYAN, J., filed a
separate opinion concurring in the judgment.


Counsel

For Appellant:  Captain Kyle R. Kilian (argued).


For Appellee:  Lieutenant Timothy H. Delgado (argued); Brian K.
Keller, Esq. (on brief).


Military Judge:  Bruce D. Landrum


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of failing to obey a lawful order, making a false official statement, conduct unbecoming an officer, adultery, and obstructing justice, in violation of Articles 92, 107, 133, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907, 933, 934 (2000). The sentence adjudged by the court-martial included dismissal and confinement for ninety days. Pursuant to the pretrial agreement, the convening authority suspended all punishment for twelve months from the date of trial. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Wiechmann, No. NMCCA 200700593, 2008 CCA LEXIS 298, 2008 WL 3540244 (N-M. Ct. Crim. App. August 14, 2008) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT WAS DENIED HIS SIXTH
> AMENDMENT RIGHT TO COUNSEL WHEN THE
> CONVENING AUTHORITY AND STAFF JUDGE ADVOCATE
> FAILED TO RECOGNIZE ONE OF HIS TWO DETAILED
> DEFENSE COUNSEL.

For the reasons set forth below, we conclude that the convening authority erred in treating one of Appellant's defense counsel as not properly detailed. Under the circumstances of this case, we further conclude that the error was harmless beyond a reasonable doubt.

United States v. Wiechmann, No. 09-0082/MC

## I.  BACKGROUND

### A.  DETAIL OF DEFENSE COUNSEL

The accused has the right to be represented by counsel during an investigation under Article 32, UCMJ, 10 U.S.C. § 832 (2000), and before a general or special court-martial.  Article 38(b)(1), UCMJ, 10 U.S.C. § 838(b)(1) (2000).  See U.S. Const. amend. VI; United States v. Davis, 60 M.J. 469, 473 (2005).  In the military justice system, the right to counsel includes the right to counsel detailed under Article 27, UCMJ, 10 U.S.C. § 827 (2000).  The right to the services of detailed counsel "is substantial, and extends to both the pretrial and the trial proceedings."  United States v. Tellier, 13 C.M.A. 323, 327, 32 C.M.R. 323, 327 (1962).  See United States v. Eason, 21 C.M.A. 335, 337-39, 45 C.M.R. 109, 111-13 (1972).

Under Article 27(a)(1), UCMJ, the secretaries of the military departments prescribe regulations governing the detail of military counsel.  Although the accused does not have the right to more than one detailed counsel, "the person authorized by regulations prescribed under section 827 of this title (Article 27) to detail counsel, in his sole discretion . . . may detail additional military counsel as assistant defense counsel."  Article 38(b)(6), UCMJ, 10 U.S.C. § 838(b)(6) (2000).

The authority to assign detailed defense counsel to a particular case is vested in the official designated under

departmental regulations, and the accused is not entitled to detailed counsel of choice under Article 27(a).  Compare Article 38(b), UCMJ, 10 U.S.C. § 838(b) (2000) (setting forth the right to representation by civilian counsel if provided by the accused and the right to representation by military counsel selected by the accused if reasonably available under departmental regulations).  Although the accused does not have the right to detailed counsel of choice, once counsel has been detailed under Article 27(a) and an attorney-client relationship has been established, the convening authority may not undermine that relationship.  See Rule for Courts-Martial (R.C.M.) 505(d)(2); Eason, 21 C.M.A. at 339-40, 45 C.M.R. at 113-14.  The responsibility for any changes in the assignment of detailed counsel is vested in the authority competent to detail such counsel under departmental regulations, not the convening authority, and may be exercised only for good cause shown on the record or under the other limited circumstances provided in R.C.M. 505(d)(2)(B).

In June 2006, Captain Snow, the senior defense counsel at Marine Corps Base Hawaii, learned of an impending Article 32 investigation into charges against Appellant.  Captain Snow detailed himself as defense counsel and requested a continuance of the investigation, which was granted.  At that time, Captain Snow, who had one month of experience as defense counsel,

expressed through defense counsel channels his need for assistance, noting Appellant's retirement-eligible status. Captain Snow began to explore the possibility that Appellant would request a specific individual military counsel at government expense or obtain civilian counsel at Appellant's own expense. See Article 38(b)(2)-(3), UCMJ.

The chief defense counsel of the Marine Corps detailed Lieutenant Colonel (LtCol) Shelburne, a reservist, to serve as Appellant's defense counsel, thereby providing Appellant with both Captain Snow and LtCol Shelburne as detailed defense counsel. The convening authority subsequently denied a defense request for funding of LtCol Shelburne's assignment, stating that he could "find no authority for the Chief Defense Counsel of the Marine Corps to detail LtCol Shelburne to this case." LtCol Shelburne then requested a continuance of the Article 32 hearing, noting the funding issue. The convening authority responded that "LtCol Shelburne is not detailed as counsel and has no authority to act in this matter."

B.  REPRESENTATION OF APPELLANT AT THE ARTICLE 32 HEARING
AND PRIOR TO REFERRAL OF CHARGES

On July 24, 2006, LtCol Shelburne appeared at the Article 32 hearing, objecting to the proceeding on the grounds that efforts were underway to address the counsel issue. He also stated that he did not have adequate time to meet with Appellant

5

or to prepare for the hearing. After consideration of a brief delay, the investigating officer decided to proceed, while permitting LtCol Shelburne to represent Appellant over objection by the Government's representative. Following the hearing, LtCol Shelburne submitted objections to the investigating officer regarding the decision to proceed, as well as the decision to admit into evidence certain unsworn statements.

LtCol Shelburne and Captain Snow subsequently requested a meeting with the convening authority to propose a pretrial agreement package, which included a proposal for disposition under Article 15, UCMJ, 10 U.S.C. § 815 (2000) (nonjudicial punishment). The convening authority denied the request for the meeting and refused to accept the pretrial agreement package on the ground that LtCol Shelburne had not been properly detailed as defense counsel. After Captain Snow removed LtCol Shelburne's name from the package, the convening authority accepted the paperwork for consideration.

After the convening authority denied a further request from LtCol Shelburne for a meeting, the convening authority met with Captain Snow alone to discuss Appellant's case and the request for disposition under Article 15. The convening authority at that time did not agree to enter into a pretrial agreement or other disposition. On September 25, 2006, the convening

authority referred the charges for trial by general court-martial.

### C. REPRESENTATION OF APPELLANT AT THE COURT-MARTIAL

After the charges were referred to trial, the military judge initially assigned to the case conducted an informal scheduling conference by telephone under R.C.M. 802. The military judge denied Captain Snow's request that the military judge include LtCol Shelburne in the discussion and suggested that Captain Snow submit a request for individual military counsel if he wanted LtCol Shelburne to be recognized. The defense filed a motion for appropriate relief requesting "that the military judge deny the government motion to prevent LtCol Shelburne from fulfilling his duties as detailed defense counsel."

Subsequently, a different military judge was assigned to the case. At the opening session of Appellant's court-martial, the military judge made the standard inquiry of Appellant regarding representation by counsel. Appellant noted that he wished to be represented by LtCol Shelburne as lead detailed defense counsel and by Captain Snow as assistant defense counsel. After arraignment, the military judge heard the parties' arguments on the defense motion for appropriate relief.

The military judge granted the defense motion, ruling that the applicable departmental regulations authorized the chief

defense counsel of the Marine Corps to detail LtCol Shelburne as defense counsel. The military judge also interpreted applicable regulations as providing that LtCol Shelburne's assignment would be funded by Headquarters Marine Corps rather than by the convening authority.

In a separate filing, the defense moved to dismiss the charges based on allegations of unlawful command influence. In addition, the defense moved for a new Article 32 investigation on the ground that Appellant did not have the full assistance of LtCol Shelburne during the Article 32 proceedings. The military judge eventually denied both motions.

While these motions were pending, the convening authority met with LtCol Shelburne on November 27, 2006, at the request of defense counsel to discuss possible disposition through nonjudicial punishment. LtCol Shelburne also entered into negotiations with the convening authority and his representatives about a possible pretrial agreement.

The convening authority and Appellant entered into a pretrial agreement on January 8, 2007. Appellant agreed to plead guilty to all charges except for one specification of failing to obey a lawful general order, to waive any defect in the Article 32, UCMJ, pretrial investigation, to waive the right to a board of inquiry, and to submit a request for immediate retirement at the grade of major. The convening authority

agreed to suspend any confinement and punitive discharge adjudged.

LtCol Shelburne represented Appellant at Appellant's guilty plea providence inquiry and at sentencing on January 10, 2007. During the inquiry into the plea agreement, the military judge explained that by pleading guilty, Appellant would forfeit the right to appeal the military judge's decisions on the previous motions made in his case, except for the unlawful command influence motion. Appellant agreed that he was voluntarily waiving the right to appeal the prior motions. Appellant stated that he freely and voluntarily agreed to each of the specially negotiated provisions of the pretrial agreement. These provisions included the waiver of any defect in the Article 32 investigation. The military judge told Appellant that the waiver provision "might be superfluous in light of the fact that the guilty plea waived the appeal of the motion. However, this basically states your clear understanding and your waiver of any defect that there might have been in that Article 32. Do you understand that?" Appellant replied "Yes," and he also replied "Yes" when asked if it was his intention to waive any defect in the Article 32 investigation.

Appellant confirmed that he was satisfied with his defense counsels "in all respects" and that he had entered into the pretrial agreement freely and voluntarily. Appellant replied

"yes," when asked whether he understood "each and every provision" of the pretrial agreement. The military judge asked, "Have you fully discussed this agreement with your counsel, and are you satisfied that their advice has been in your best interests?" Appellant replied "Yes." The military judge accepted Appellant's pleas and convicted Appellant of the offenses to which he entered guilty pleas.

D.  CONSIDERATION BY THE COURT OF CRIMINAL APPEALS

Appellant alleged multiple assignments of error before the Court of Criminal Appeals, including that the convening authority's refusal to recognize LtCol Shelburne as detailed defense counsel prior to the military judge's ruling on that issue violated Appellant's Sixth Amendment right to counsel and improperly severed his attorney-client relationship with LtCol Shelburne. Wiechmann, 2008 CCA LEXIS 298, at *1-*3, 2008 WL 3540244 at *1.

In the course of addressing these issues, the Court of Criminal Appeals found that LtCol Shelburne had established an attorney-client relationship with Appellant by the time of the Article 32 investigation. Id. at *8, 2008 WL 3540244, at *3. The court described the pretrial dispute about the validity of LtCol Shelburne's status as a "good faith" disagreement "over how to interpret the detailing directives," while noting that

10

the convening authority's initial refusal to recognize LtCol Shelburne as detailed defense counsel "burdened his ability to represent the appellant pretrial." Id. at *9, 2008 WL 3540244, at *3. The court concluded, however, that the convening authority's actions "were not so severe as to constitute a severance of the attorney-client relationship, nor did they rise to such a level as to deny appellant due process." Id. at *5-*9, 2008 WL 3540244, at *1-*3. The court added that Appellant did not have the right to a pretrial meeting with the convening authority, that he benefited from the advice of LtCol Shelburne, and that Captain Snow served as a "conduit" to the convening authority until LtCol Shelburne was recognized. Id. at *9, 2008 WL 3540244, at *3.

## II.  DISCUSSION

### A.  PRE-REFERRAL RESPONSIBILITIES OF THE CONVENING AUTHORITY

The granted issue asks whether the convening authority's refusal to treat LtCol Shelburne as detailed defense counsel violated Appellant's Sixth Amendment right to counsel. In assessing whether there has been a Sixth Amendment violation, we begin by considering the stage of the proceedings in which the acts or omissions at issue occurred. In the present appeal, the granted issue concerns the convening authority's acts and omissions during the pre-referral stage of the proceedings.

11

United States v. Wiechmann, No. 09-0082/MC

Because a military judge is not appointed to conduct proceedings until charges are referred to a court-martial, see Article 26(a), UCMJ, 10 U.S.C. § 826(a) (2000), the military justice system does not have standing courts at the trial level to address legal issues at the pre-referral stage. The convening authority exercises responsibility for pretrial matters that would otherwise be litigated before a judge in civilian proceedings, including issues involving the conduct of depositions, issuance of protective orders, availability of government-funded experts, mental responsibility proceedings, and questions concerning the validity of charges. See, e.g., Article 34, UCMJ, 10 U.S.C. § 834 (2000); R.C.M. 405(g)(6), 406, 407, 702(b), 703(d), 706(b)(1).

Pretrial agreements also implicate distinctive responsibilities of the convening authority with respect to court-martial proceedings. In the military justice system, responsibility for the function of determining sentencing is shared by the court-martial, see Article 51, UCMJ, 10 U.S.C. § 851 (2000) (governing the determination of the sentence by the court-martial), and the convening authority, see Article 60, UCMJ, 10 U.S.C. § 860 (2000) (providing the convening authority with virtually unfettered discretion to modify the sentence so long as the severity is not increased). As an incident of the responsibility for sentencing, the convening authority may enter

12

into a pretrial agreement that imposes a legal limitation on the scope of the sentence. See R.C.M. 705(b)(2)(E). R.C.M. 705 underscores the vital role of counsel at the pretrial stage of the proceedings: "Government representatives shall negotiate with defense counsel unless the accused has waived the right to counsel." R.C.M. 705(d)(1). The rule further provides that a pretrial agreement "shall be signed by the accused and defense counsel, if any." R.C.M. 705(d)(2).

### B. NONRECOGNITION OF DETAILED DEFENSE COUNSEL BY THE CONVENING AUTHORITY

A convening authority may not interfere with or impede an attorney-client relationship established between an accused and detailed defense counsel. See supra Part I.A. Although LtCol Shelburne was detailed as Appellant's defense counsel, the convening authority declined to recognize LtCol Shelburne during the Article 32 investigation period in which Appellant was entitled to representation by detailed defense counsel under Articles 32(b) and 38(b)(1), UCMJ, 10 U.S.C. §§ 832(b), 838(b)(1) (2000). The convening authority continued to do so during initial pretrial agreement negotiations, a period in which the Government was obligated to conduct any negotiations with defense counsel. See R.C.M. 705(d)(1). After the convening authority referred the case to trial, he persisted in refusing to recognize LtCol Shelburne as Appellant's counsel

13

until that point in the court-martial proceedings when the military judge ruled that LtCol Shelburne had been properly detailed as defense counsel under Articles 27 and 38, UCMJ.

As noted in the previous section, the convening authority exercises significant pretrial responsibilities in the military's criminal justice system. The responsibility for detailing defense counsel, however, is not one of the duties assigned to the convening authority by law. Although the UCMJ, as originally enacted, authorized the convening authority to detail counsel, Congress amended the statute in 1983 to provide that the responsibility for detailing counsel would be exercised by persons authorized to do so under departmental regulations. Compare Act of May 5, 1950, Pub. L. No. 81-506, ch. 169, 64 Stat. 107, 117 (Article 27(a)), with Military Justice Act of 1983, Pub. L. No. 98-209, 97 Stat. 1393, 1394 (Article 27(a)). See S. Rep. No. 98-53, at 13 (1983) (noting that "in addition to removing . . . potential burdens, eliminating the requirement for the convening authority to personally detail . . . counsel will remove any hint or possibility of improper command influence or control . . . ."). The regulations at issue in the present case vested the responsibility for detailing counsel in various department-level officers, not in the convening authority. See Dep't of the Navy, Marine Corps Order P5800.16A, Marine Corps Manual for Legal Administration, para. 2002 (Aug.

14

31, 1999); Dep't of the Navy, Judge Advocate General Instr. 5800.7D, Manual of the Judge Advocate General para. 0130 (Mar. 15, 2004).

In the present case, the convening authority, who did not seek clarification of the department's regulations from officials at the departmental level, proceeded with the case while declining to recognize LtCol Shelburne as Appellant's detailed defense counsel. Eventually, the military judge ruled that LtCol Shelburne had been properly detailed as defense counsel, effective as of the date of LtCol Shelburne's initial detail as Appellant's defense counsel. As neither party has challenged the military judge's interpretation of departmental regulations on appeal, we treat his ruling as the law of the case. See United States v. Parker, 62 M.J. 459, 464 (C.A.A.F. 2006). In that context, the convening authority erred by restricting the role of Appellant's detailed defense counsel during the pretrial proceedings, including the proceedings concerning the Article 32 investigation and pretrial agreement negotiations. In so doing, the convening authority improperly interfered with the attorney-client relationship established at the time of LtCol Shelburne's initial detail as Appellant's defense counsel. These actions violated Appellant's rights under Article 27, UCMJ.

### C.  LIMITATIONS ON PARTICIPATION OF DETAILED DEFENSE COUNSEL IN THE PRETRIAL AND TRIAL PROCEEDINGS

Captain Snow, the first detailed defense counsel, represented Appellant throughout the pretrial and trial proceedings.  LtCol Shelburne, the second detailed defense counsel, participated in the Article 32 proceedings, submitted comments to the Article 32 investigating officer, and assisted Captain Snow in preparing the first pretrial packet for submission to the convening authority.  After the military judge's order that he was properly detailed, LtCol Shelburne served as lead defense counsel, participating fully in the negotiation of the plea agreement and subsequent trial and post-trial proceedings.

LtCol Shelburne and Appellant had established an attorney-client relationship by the time of the Article 32 investigation.  See Wiechmann, 2008 CCA LEXIS 298, at *8, 2008 WL 3540244, at *3.  In that context, the Court of Criminal Appeals observed that the convening authority's "initial refusal to recognize LtCol Shelburne burdened [LtCol Shelburne's] ability to represent the appellant pretrial."  Id. at *9, 2008 WL 3540244, at *3.  We agree.  The convening authority's action burdened LtCol Shelburne's representation of Appellant in several respects:  (1) the Article 32 proceeding was conducted without a full opportunity for LtCol Shelburne to prepare and participate;

16

(2) LtCol Shelburne was excluded from pretrial disposition negotiations that the Government conducted with Captain Snow, the less experienced defense counsel; (3) LtCol Shelburne was unable to represent Appellant in pretrial procedural matters, such as in a scheduling conference or by requesting a continuance.  Under these circumstances, the Government's actions infringed Appellant's right to the assistance of counsel under Article 27 during pretrial proceedings before both the convening authority and the military judge.  See Tellier, 13 C.M.A. at 327, 32 C.M.R. at 327; Eason, 21 C.M.A. at 335-37, 45 C.M.R. at 109-11.

## D.  EVALUATION OF ERROR AND PREJUDICE

Having found a violation of Appellant's statutory right to counsel, we now turn to Appellant's constitutional claims.  When a Sixth Amendment claim involves a governmental act or omission affecting the right of an accused to the assistance of counsel, we consider whether the infringement involves a structural error -- an error so serious that no proof of prejudice is required -- or whether the error must be tested for prejudice.  See United States v. Brooks, 66 M.J. 221, 223-24 (C.A.A.F. 2008).  Compare Davis, 60 M.J. at 473 (discussing separate standards applicable to claims of ineffective assistance of counsel).  Structural error exists when "a court is faced with 'the difficulty of

17

assessing the effect of the error'" or the error is so fundamental that "harmlessness is irrelevant." Brooks, 66 M.J. at 224 (citing United States v. Gonzalez-Lopez, 548 U.S. 140, 149 n.4 (2006)).

As we noted in Brooks: "'Structural errors involve errors in the trial mechanism' so serious that 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence.'" 66 M.J. at 224 (quoting Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991)). We further noted that "[t]here is a strong presumption that an error is not structural." 66 M.J. at 224 (citations and quotation marks omitted).

In the present case, Appellant had the services of qualified counsel, Captain Snow, throughout the proceedings. Captain Snow had the assistance of LtCol Shelburne in addressing pretrial matters. To the extent that the convening authority's restrictions on LtCol Shelburne adversely affected Appellant's rights during the Article 32 proceeding, Appellant subsequently entered into a plea agreement -- with the assistance of LtCol Shelburne -- that expressly waived any defects in the Article 32 proceeding. Likewise, to the extent that the convening authority's actions restricted Appellant's rights during the initial pretrial agreement negotiations, Appellant had the benefit of LtCol Shelburne's unrestricted assistance during the

subsequent negotiations, completion of the agreement, entry of pleas, and other trial and post-trial proceedings. Under these circumstances, the initial restrictions did not significantly affect "the framework within which the trial proceed[ed]." See Gonzalez-Lopez, 548 U.S. at 148; Brooks, 66 M.J. at 224. The convening authority's actions in the present case do not constitute the type of error that is incapable of assessment, and the error is not so fundamental that harmlessness is irrelevant. See Gonzalez-Lopez, 548 U.S. at 148-49; Brooks, 66 M.J. at 224. Under these circumstances, the deficiencies in the present case do not amount to structural error.

Appellant contends that the infringement of his Sixth Amendment rights, even if not structural error, constituted prejudicial error. In particular, Appellant contends that the infringement adversely affected Appellant's rights during the Article 32 proceeding and during the initial pretrial agreement negotiations.

The infringement of Appellant's rights in this case constituted a trial error that can be "'quantitatively assessed in the context of other evidence.'" Gonzalez-Lopez, 548 U.S. at 148 (quoting Fulminante, 499 U.S. at 307-08). In that posture, "we shall assume, without deciding, that the Sixth Amendment was violated in the circumstances of this case." United States v. Morrison, 449 U.S. 361, 364 (1981). Assuming that the error is

19

of constitutional dimension, we assess whether it was harmless beyond a reasonable doubt.  See United States v. Moran, 65 M.J. 178, 187 (C.A.A.F. 2007) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)) (applying the harmless beyond a reasonable doubt standard to certain constitutional errors).

As previously noted, after the military judge's ruling at the outset of the trial proceedings that confirmed LtCol Shelburne's status as lead detailed defense counsel, LtCol Shelburne represented Appellant fully as lead defense counsel throughout the trial and post-trial proceedings.  Appellant, with the assistance of LtCol Shelburne as lead counsel, entered into a pretrial agreement that expressly waived any error in the Article 32 investigation.  Moreover, as lead counsel, LtCol Shelburne had the opportunity to engage in negotiations with the convening authority regarding the defense request for nonjudicial disposition as well as the terms of the pretrial agreement.  Appellant has claimed no measurable prejudice from the inability of LtCol Shelburne to participate in the initial scheduling conference under R.C.M. 802, nor has Appellant claimed that his plea was involuntary or that the providency inquiry was otherwise deficient.  Under these circumstances, we conclude that the convening authority's erroneous action with respect to the status of LtCol Shelburne during the pretrial proceedings was harmless beyond a reasonable doubt.

### III.  CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Wiechmann, No. 09-0082/MC

RYAN, Judge (concurring in the judgment):

I agree with the majority's conclusion that "the convening authority erred by restricting the role of Appellant's detailed defense counsel during the pretrial proceedings, including the proceedings concerning the Article 32 investigation and pretrial agreement negotiations." United States v. Wiechmann, __ M.J. __, __ (15) (C.A.A.F. 2009). I write separately because I do not believe, as the majority opinion "'assume[s] without deciding,'" id. at __ (19-20) (quoting United States v. Morrison, 449 U.S. 361, 364 (1981)), that the convening authority's refusal to recognize the power vested in and exercised by the detailing authority by statute, see Article 38(b)(6), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 838 (2000) (providing that the detailing authority "in his sole discretion" may choose to appoint a second defense counsel), qualifies as constitutional error.

Because the Government does not challenge the conclusion by the Court of Criminal Appeals that the convening authority's refusal to recognize Lieutenant Colonel (Lt. Col.) Shelburne burdened his attempts to fully represent Appellant, I, like the majority, accept that conclusion as the law of the case. United States v. Parker, 62 M.J. 459, 464 (C.A.A.F. 2006) ("When a party does not appeal a ruling, the ruling of the lower court normally becomes the law of the case."). But Appellant has

likewise not disputed that during all times in which Lt. Col. Shelburne's participation was limited, Appellant was fully represented by Captain (Capt.) Snow.  At oral argument, Appellant conceded that Capt. Snow was competent and qualified to be his defense counsel; that at all times he had effective assistance of counsel; and that there was no instance in which Capt. Snow's representation was deficient.  While I believe reaching the constitutional issue at all to be unnecessary, under the circumstances of this case there is no basis for even suggesting that Appellant's Sixth Amendment rights were violated by the limitations placed on Lt. Col. Shelburne.

The Sixth Amendment guarantees that "'[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence.'  The core of this right has historically been, and remains today, 'the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial.'"  Kansas v. Ventris, 129 S. Ct. 1841, 1844-45 (2009) (citation omitted) (brackets and ellipsis in original).  But "[n]ot every restriction on counsel's time or opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."  Morris v. Slappy, 461 U.S. 1, 11, 13-14 (1983) (finding there is no Sixth Amendment right to "a meaningful attorney-client

2

relationship" and that denial of a continuance to give an attorney who was appointed to appellant's case six days before trial more time to prepare was not an abuse of discretion). Further, as the majority acknowledges, a military accused has neither the absolute right to detailed counsel of choice, nor the right to the assistance of two counsel. Wiechmann, __ M.J. at __ (3-4); see Article 38(b)(3)(B), UCMJ ("The accused may be represented by military counsel of his own selection if that counsel is reasonably available" as determined by applicable service regulations); Article 38(b)(6), UCMJ ("The accused is not entitled to be represented by more than one military counsel.").

The scenario in which a defendant has two attorneys and one is prevented from participating in a particular stage of the proceedings appears to be a rare subject of litigation in the federal courts. One situation where it has arisen is when defense counsel has requested a continuance to allow both counsel to be present. On appeal, the reviewing courts have applied an abuse of discretion standard without any mention of the Sixth Amendment. United States v. Riccobene, 709 F.2d 214, 231 (3d Cir. 1983); United States v. McManaman, 653 F.2d 458, 460-61 (10th Cir. 1981). In both Riccobene and McManaman, the court found no abuse of discretion both because the second and participating attorney was qualified and competent to represent

the accused and because there was no assertion that the resulting representation was inadequate or ineffective. See Riccobene, 709 F.2d at 231 (finding no abuse of discretion because appellant's "other attorney had the experience and capability to represent" appellant and because appellant "d[id] not claim [his] representation was in any way inadequate"); McManaman, 653 F.2d at 460 (finding no abuse of discretion because attorney who was available when the trial began was competent and well-prepared and because "there [was] no real suggestion that [appellant] did not receive the assistance of competent counsel at his trial"). Similarly, in this case, Appellant was at all times represented by at least one counsel he conceded was competent, and there is no allegation of ineffective representation at any stage of the proceedings.

Of course, the military right to counsel is broader than the right to counsel guaranteed to civilians. See, e.g., United States v. Johnson, 21 M.J. 211, 213 (C.M.A. 1986) ("[O]ur starting premise is that Congress intended to bestow on servicemembers a right to counsel unparalleled in civilian criminal trials."). But these broader rights are the creations of statute and regulation, not of the Constitution. See id. at 213-15 (discussing rights guaranteed by Article 38, UCMJ); United States v. Gnibus, 21 M.J. 1, 5-7 (C.M.A. 1985)

(discussing history of right to counsel in the military as defined by the UCMJ and its statutory predecessors).

Article 38(b)(6), UCMJ, provides that "the person authorized under regulations prescribed under [Article 27, UCMJ, 10 U.S.C. § 827 (2000)] to detail counsel in his sole discretion may detail additional military counsel" to an accused. I agree that a convening authority who does not honor such an additional detailing has erred. Once a defense counsel has been detailed under Article 38, UCMJ, and an attorney-client relationship has been established, only the detailing authority may sever that relationship, and only then under limited circumstances. See Rule for Courts-Martial (R.C.M.) 505(d)(2) (outlining circumstances in which the detailing authority, not the convening authority, may excuse or change defense counsel once that counsel has formed an attorney-client relationship with the accused).

However, under the facts of this case, I cannot agree with the suggestion that this error could be a Sixth Amendment violation or an infringement of "Appellant's right to the assistance of counsel under Article 27," as the majority concludes. Wiechmann, __ M.J. at __ (17, 19-20). The majority's suggestion that interference with one counsel while Appellant was fully represented by a second competent counsel could constitute a Sixth Amendment violation is both incorrect

5

and an unnecessary assumption, given the statutory violation we all agree exists.  Nor do United States v. Eason, 21 C.M.A. 335, 45 C.M.R. 109 (1972), and United States v. Tellier, 13 C.M.A. 323, 32 C.M.R. 323 (1962), offer any support for a Sixth Amendment inquiry:  Neither case presented the issue of severance of an attorney-client relationship in the context of an Article 27, UCMJ, "assistance of counsel" or Sixth Amendment claim.  Instead, both cases were grounded in the statutory question whether the appellant's rights under Article 38, UCMJ, had been violated.  Eason, 21 C.M.A. at 339-40, 45 C.M.R. at 113-14 (upholding Court of Military Review conclusion that there was prejudice in the government's refusal to appoint appellant's personally selected military counsel in violation of Article 38, UCMJ); Tellier, 13 C.M.A. at 326-28, 32 C.M.R. at 326-28 (emphasizing that precedent from the boards of review and "the clear and unequivocal command of the statute's language" lead to the conclusion that "an accused is entitled as a matter of right to the association of his appointed defense counsel with his individually employed attorneys").[1]

---

[1] Of course, both cases were decided under a prior version of Article 38, UCMJ, which was interpreted to establish a statutory right to representation by two military counsel.  See Article 38(b), UCMJ, 10 U.S.C. § 838(b) (1964) ("Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed shall, if the accused so desires, act as his associate counsel.") (emphasis added).  A subsequent revision of Article 38, UCMJ, clarified the fact that

In this case, the chief defense counsel of the Marine Corps detailed an additional military counsel, Lt. Col. Shelburne, to Appellant's case.  Because the convening authority declined to accept this detailing as valid, he improperly refused to recognize authority conferred solely on the detailing authority by Article 38, UCMJ, and R.C.M. 505.  As an error under the UCMJ and the Rules for Courts-Martial, it should be assessed under Article 59, UCMJ, 10 U.S.C. § 859 (2000), to determine whether the error materially prejudiced Appellant's "substantial rights."

For the same reasons cited by the majority in support of its conclusion that the error was harmless beyond a reasonable doubt, I agree that there was no material prejudice to Appellant's substantial rights.  Wiechmann, __ M.J. at __ (19-21).  I respectfully concur in the judgment.

---

a military member is not entitled to two military counsel, although the person authorized under the applicable service regulations to detail counsel may detail a second military counsel "in his sole discretion."  Military Justice Amendments of 1981, Pub. L. No. 97-81, § 4(b), 95 Stat. 1085, 1088.