# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————————

**No. ACM 38937**

————————————————

**UNITED STATES**
*Appellee*

**v.**

**Ryan A. HARDY**
Captain (O-3), U.S. Air Force, *Appellant*

————————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 June 2017

————————————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Dismissal and confinement for 12 years. Sentence adjudged 30 July 2015 by GCM convened at Ramstein Air Base, Germany.

*For Appellant:* Major Lauren A. Shure, USAF; Captain Patrick A. Clary, USAF; M. Brian Magee, Esquire.

*For Appellee:* Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————————

**PUBLISHED OPINION OF THE COURT**

————————————————

JOHNSON, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of two specifications of abusive sexual contact with a

child, aggravated sexual abuse of a child, three specifications of indecent liberties with a child, two specifications of abusive sexual contact, sexual abuse of a child, sodomy with a child, conduct unbecoming an officer, communicating indecent language, and engaging in indecent acts with a child, in violation of Articles 120, 120b, 125, 133, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, 925, 933, 934.[1] The military judge sentenced Appellant to a dismissal, confinement for 16 years and one day, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dismissal and confinement for 12 years; he also deferred the adjudged forfeiture of pay and allowances until action and waived mandatory forfeitures for six months for the benefit of Appellant's dependent children.[2]

On appeal, Appellant asserts three errors: (1) the military judge erred by failing to merge several specifications for sentencing; (2) prosecutorial misconduct created structural error in his court-martial; and (3) two specifications fail to state an offense.[3] Although not raised by Appellant, we also address a facially unreasonable delay in the post-trial processing of his case. We find no relief is warranted and therefore affirm the findings and sentence.

## I. BACKGROUND

Over several years, Appellant sexually abused his biological daughter, TH, by repeatedly causing her to touch his genitalia, repeatedly touching her breasts and genitalia, repeatedly watching pornography and masturbating in her presence, and single instances of ejaculating on her bare chest, engaging in sodomy with her, and communicating indecent language to her. The abuse began when TH was approximately 11 years old and continued until she was

---

[1] Pursuant to a pretrial agreement between Appellant and the convening authority, Appellant pleaded not guilty to one specification of attempted sodomy with a child, one specification of aggravated sexual assault, two specifications of sexual abuse of a child, one specification of communicating indecent language, and one specification of obstructing justice, in violation of Articles 120, 120b, and 134, UCMJ, and these specifications were subsequently dismissed at trial.

[2] The pretrial agreement provided the convening authority would not approve confinement in excess of 12 years; it did not require disapproval, deferral, or waiver of forfeiture of pay and allowances.

[3] Appellant's second and third assignments of error are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

16 years old. Appellant also pleaded guilty to fondling the breasts of his step-daughter, AT, who was under 16 years old at the time.

## II. DISCUSSION

### A. Unreasonable Multiplication of Charges

On appeal, Appellant contends for the first time that several of the specifications he pleaded guilty to should be consolidated because they "charge the same conduct," and this court should remand the case for a rehearing on the sentence. Specifically, Appellant argues his colloquy with the military judge during the providence inquiry[4] indicates the instances of touching his then-under 16-year-old daughter's breasts and genitalia, watching pornography in her presence, and masturbating in her presence all occurred on the same occasions, and the instance of ejaculating on her chest also occurred during one of these incidents. Similarly, he contends the separate specifications of abusive sexual contact for touching his then-16-year-old daughter's breasts and touching her genitalia over her clothing occurred during the same instances of wrestling or horseplay. Therefore, applying the five-factor test for unreasonable multiplication of charges articulated in *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), he argues the specifications derived from the "pornography/masturbation incidents" should be consolidated into one specification, and the separate specifications for touching her breasts and her genitalia during the "wrestling or horseplay incidents" should be consolidated into another.

Unreasonable multiplication of charges is distinct from the related doctrine of multiplicity. Multiplicity in violation of the Double Jeopardy Clause[5] occurs when "a court, contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct." *United States v. Anderson*, 68 M.J. 378, 385 (C.A.A.F. 2010) (quoting *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006)) (emphasis and internal quotation marks omitted). Even if charged offenses are not multiplicious, courts may apply the doctrine of unreasonable multiplication of charges to merge or dismiss certain charges and specifications. Rule for Courts-Martial (R.C.M.) 307(c)(4) summarizes this principle as follows: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Thus, the Government may not needlessly "pile on" charges against an accused. *United States v. Foster*, 40 M.J. 140, 144 n.4 (C.M.A. 1994), *overruled on other grounds by United States v. Mil-*

---

[4] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

[5] U.S. CONST. amend. V.

*ler*, 67 M.J. 385, 388–89 (C.A.A.F. 2009). We consider the following non-exhaustive factors in determining whether unreasonable multiplication of charges has occurred:

> (1) Did the [appellant] object at trial that there was an unreasonable multiplication of charges and/or specifications?; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Quiroz*, 55 M.J. at 338 (citation and internal quotation marks omitted).

Appellant does not address whether his failure to object at trial coupled with his guilty plea either forfeited or waived his claim that the Government unreasonably multiplied these specifications. In contrast, the Government urges at some length that Appellant's unconditional guilty plea has waived this issue.

Our rulings have been less than clear as to whether waiver applies in such circumstances. As to Appellant's failure to object, in *United States v. Erby*, 46 M.J. 649, 652 (A.F. Ct. Crim. App. 1997), *aff'd in part and modified in part*, 49 M.J. 134, 134 (C.A.A.F. 1998), we held "an accused waives any argument respecting an unreasonable multiplication of charges, as distinguished from double jeopardy/multiplicity, by failing to bring it up at trial." A series of unpublished decisions of this court subsequently cited *Erby* for the same proposition. *See, e.g., United States v. Kowalewski*, No. ACM 36837, 2008 CCA LEXIS 185, at *13 (A.F. Ct. Crim. App. 8 May 2008) (unpub. op.); *United States v. Carr*, No. ACM 35300, 2005 CCA LEXIS 278, at *16 (A.F. Ct. Crim. App. 25 Aug. 2005) (unpub. op.); *United States v. Dillon*, No. ACM 34933, 2004 CCA LEXIS 51, at *5–6 (A.F. Ct. Crim. App. 11 Feb. 2004) (unpub. op.). However, merely failing to raise an issue at trial generally constitutes *forfeiture*, whereas *waiver* is the intentional relinquishment of a known right. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). The distinction is important, because while appellate courts review forfeited issues for plain error, they "do not review waived issues because a valid waiver leaves no error to correct on appeal." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017).

As to the effect of an unconditional guilty plea,[6] R.C.M. 910(j) provides such a plea "which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection *relates to the factual issue of guilt of the offense(s) to which the plea was made*." (Emphasis added). However, the doctrine of unreasonable multiplication of charges is not a factual issue of Appellant's guilt, but addresses instead "prosecutorial overreach by imposing a standard of reasonableness." *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007). Therefore, it is not clear that R.C.M. 910(j) on its face forecloses such challenges in the wake of an unconditional guilty plea. Yet the United States Court of Appeals for the Armed Forces (CAAF) has at times suggested a guilty plea *will* waive such claims, unless the specifications are "facially duplicative"—in which case double jeopardy multiplicity concerns would also be implicated. *See United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009); *United States v. Lloyd*, 46 M.J. 19, 24 (C.A.A.F. 1997).

In *Schweitzer*, the CAAF acknowledged that R.C.M. 910(j) did not explicitly govern objections unrelated to factual issues of guilt; yet the court stated "the general principle still applies: An unconditional guilty plea generally 'waives all defects which are neither jurisdictional nor a deprivation of due process of law.'" 68 M.J. at 136 (quoting *United States v. Rehorn*, 26 C.M.R. 267, 268–69 (C.M.A. 1958)). The particular issue waived in *Schweitzer* was disqualification of the convening authority rather than unreasonable multiplication of charges. *Id.*; *see also United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (finding an unconditional guilty plea waived issue of disqualification of trial counsel). However, our sister court has repeatedly interpreted *Schweitzer* to mean an unconditional guilty plea does, in fact, waive any issue of unreasonable multiplication of charges absent facially duplicative specifications. *See, e.g., United States v. Moore*, No. ARMY 20150007, 2017 CCA LEXIS 65, at *2–3 (Army Ct. Crim. App. 31 Jan. 2017) (unpub. op.); *United States v. Watford*, No. ARMY 20150549, 2017 CCA LEXIS 68, at *2 (Army Ct. Crim. App. 30 Jan. 2017) (unpub. op.); *United States v. Russell*, No. ARMY 20150397, 2016 CCA LEXIS 673, at *3 (Army Ct. Crim. App. 18 Nov. 2016) (unpub. op.).

Yet recently in *United States v. Ellis*, No. ACM 38655, 2016 CCA LEXIS 24, at *8–10 (A.F. Ct. Crim. App. 12 Jan. 2016) (unpub. op.), citing the CAAF's decision in *Lloyd*, 46 M.J. at 24, we found that an unconditional guilty plea forfeited, rather than waived, the appellant's claim that the charges were unreasonably multiplied as to sentencing. The appellant raised the issue prior to

---

[6] R.C.M. 910(a)(2) provides an accused may, with the approval of the military judge and consent of the Government, enter a conditional guilty plea that preserves appellate review of an adverse ruling on a specified pretrial motion. However, Appellant's plea was unconditional.

entering his pleas, but the military judge deferred ruling on unreasonable multiplication as to sentencing until after he entered findings on the appellant's unconditional guilty plea. *Ellis*, unpub. op. at \*7. Therefore, we tested the military judge's post-findings ruling on unreasonable multiplication of charges for plain error. *Id.* at \*9–10.

In *United States v. Bailey*, No. ACM S32375, 2017 CCA LEXIS 356, at \*5 (A.F. Ct. Crim. App. 22 May 2017), we recently found the trial defense counsel's explicit withdrawal of a request for a bill of particulars coupled with an unconditional guilty plea waived appellate consideration of unreasonable multiplication of charges. In addition, after withdrawing the request and before entering pleas, the trial defense counsel explicitly confirmed to the military judge "that there were no unresolved issues with respect to the charges and specifications." *Id.* at \*3. Thus *Bailey* involved an aspect of affirmative waiver of the issue that is not present here.

To further complicate, or perhaps simplify, matters, the CAAF has held that even with respect to waived issues, Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires a Court of Criminal Appeals to "assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error." *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). Thus the CAAF upheld this court's decision to disapprove and merge offenses, notwithstanding the appellant's waiver, relying on Article 66(c) to correct a gross exaggeration of the appellant's criminality. *Id.* at 223–24. Similarly, in *Quiroz* the CAAF found our Navy and Marine Corps colleagues acted well within their authority under Article 66(c) "to determine the circumstances, if any, under which [they] would apply waiver or forfeiture" where an appellant pleads guilty and fails to raise unreasonable multiplication of charges at trial. 55 M.J. at 338.

In summary, we must first decide whether Appellant's trial-level failure, in a guilty plea case, to raise unreasonable multiplication of charges waived or forfeited his claim on appeal. If it is waived, the claim "is extinguished and may not be raised on appeal," *Gladue*, 67 M.J. at 313, unless the challenged specifications are facially duplicative. *See Lloyd*, 46 M.J. at 23. If the claim is merely forfeited, Appellant is entitled to plain error review. *Id.* Even if Appellant has waived or forfeited the claim, pursuant to Article 66(c) we must decide whether to apply that waiver or forfeiture, or to take corrective action in spite of it. *See Chin*, 75 M.J. at 223.

In light of *Schweitzer*, under the facts of this case, where Appellant both failed to raise unreasonable multiplication of charges at trial and pleaded guilty unconditionally, we find he waived his claim of unreasonable multiplication of charges. 68 M.J. at 136. The asserted error is neither jurisdictional nor a deprivation of due process of law. *See id.* We further find the challenged specifications are not facially duplicative. Each specification requires proof of

a fact which the others do not, and none is "rationally derivative" of another. *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004). In other words, each of the charged offenses could have been committed without necessarily committing any of the other offenses. *See United States v. Berg*, No. ACM 36989, 2008 CCA LEXIS 339, at *8 (A.F. Ct. Crim. App. 2008) (explaining an offense is "rationally derivative" of another when the "one offense could not possibly be committed without committing the other offense"). Therefore, Appellant is foreclosed from raising this issue on appeal.[7]

Finally, we have evaluated whether to exercise our authority and mandate under Article 66(c) to act in spite of Appellant's waiver and forfeiture. *Chin*, 75 M.J. at 223. We find such action is not warranted in this case. Accordingly, Appellant is entitled to no relief.

## B. Prosecutorial Misconduct

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asserts prosecutorial misconduct in his case amounted to "structural error" that requires all charges and specifications be dismissed with prejudice. We disagree.

Appellant's claim stems in part from the trial counsels' actions at the first pretrial investigation conducted pursuant to Article 32, UCMJ, 10 U.S.C. § 832.[8] The named victims in Appellant's case, TH and AT, had been invited to attend the hearing conducted at Ramstein Air Base, Germany, but they declined. However, without objection from the Defense, civilian counsel for TH observed the Article 32 proceedings by videoteleconference (VTC). Unbeknownst to the Defense or the Investigating Officer (IO), at least one of the

---

[7] In addition to waiver, we find Appellant's failure to raise the issue at trial also forfeited his claim of unreasonable multiplication of charges. Although unnecessary in light of Appellant's waiver, were we to review the issue for plain error, we would find the military judge did not commit "plain or obvious" error by failing to act sua sponte on the allegedly unreasonably multiplied specifications. *See United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011) (to prevail under a plain error analysis, an appellant must show (1) there was an error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right).

[8] We note that Congress subsequently modified Article 32, UCMJ, to provide for a "preliminary hearing" with purposes and procedures that differ significantly from the "thorough and impartial investigation" in effect at the times relevant to Appellant's case. *Compare* 10 U.S.C. § 832 (2012), *with* 10 U.S.C. § 832 (2016).

victims, TH, was also observing the proceedings via the VTC, but she was situated off-screen.[9] She was thus not visible to the participants, and her presence was apparently not announced by her counsel or by trial counsel. After the hearing, trial defense counsel suspected one or both of the victims had been present and raised the issue with the IO. Senior trial counsel represented that he had only been aware of a possibility that TH might attend, but subsequent inquiries disclosed email correspondence before the hearing indicating both the senior trial counsel and assistant trial counsel expected TH to be present by VTC.

At trial, the Defense moved the court to dismiss all charges and specifications because "government actions have irreparably tainted the entire proceeding," specifically by exposing the victims to other testimony presented at the first Article 32 hearing. The military judge determined trial counsel were aware "to a reasonable degree of certainty" that TH would attend. However, for purposes of ruling on the motion, he found it unnecessary to determine whether prosecutorial misconduct occurred. Assuming, without finding, there was prosecutorial misconduct, he found dismissal of the charges and specifications was not warranted for the following reasons: it was speculative as to whether the IO would have excluded the victims from the VTC had he known they were present; the Defense could not provide evidence the victims' presence had any impact on their testimony; and trial defense counsel would be able to cross-examine the victims at trial regarding their prior statements and exposure to other evidence.

Appellant also alleges prosecutorial misconduct in that trial counsel failed to disclose to Defense a substantial amount of data obtained from computer equipment in Appellant's home. Trial defense counsel discovered the existence of this material on 21 April 2015, the second day of motions practice, and brought it to the military judge's attention. As a result, the military judge granted a continuance that extended until 30 July 2015, when Appellant ultimately pleaded guilty pursuant to a pretrial agreement as described above.[10]

"Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, *e.g.*, a constitutional

---

[9] It is apparent from the record that TH was present. The Defense alleged AT was also present, and the parties appear to assume that she was; however, the evidence for this is less clear, and the military judge did not make a specific finding in this regard. For purposes of our analysis it is immaterial whether only TH or both of the victims were present.

[10] The Government was represented by a different senior trial counsel and assistant trial counsel during the 30 July 2015 proceeding.

provision, a statute, a Manual [for Courts-Martial] rule, or an applicable professional ethics canon." *United States v. Hornback,* 73 M.J. 155, 160 (C.A.A.F. 2014) (quoting *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996)) (quotation marks omitted). When properly objected to at trial, appellate courts test allegations of prosecutorial misconduct for prejudicial error. *Id.* at 159. Determining the prejudicial impact of prosecutorial misconduct requires balancing three factors: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction. *Id.* at 160.

Structural error exists when an appellate court faces difficulty in assessing the effect of the error or the error is so fundamental that harmlessness is irrelevant. *United States v. Wiechmann*, 67 M.J. 456, 463 (C.A.A.F. 2009) (citing *United States v. Brooks*, 66 M.J. 221, 224 (C.A.A.F. 2008)). "'Structural errors involve errors in the trial mechanism so serious that 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence.'" *Brooks*, 66 M.J. at 224 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991)). There is a strong presumption that errors are not structural. *Id.*

"An unconditional guilty plea generally 'waives all defects which are neither jurisdictional nor a deprivation of due process of law.'" *Schweitzer*, 68 M.J. at 136 (quoting *Rehorn*, 26 C.M.R. at 268–69). The defects Appellant complains of were neither jurisdictional nor did they deny him the due process of law; although the Defense did raise the issue at trial, Appellant's subsequent unconditional guilty plea waived his right to raise this issue on appeal. Were we inclined to exercise our Article 66(c) authority to pierce Appellant's waiver and review his claim under the test articulated in *Hornback*—to be clear, we are not—even assuming *arguendo* prosecutorial misconduct existed, it is evident that misconduct ultimately had no prejudicial impact on the proceedings. Finally, to the extent there was error, Appellant fails to overcome the strong presumption that such error was not structural and did not fatally undermine the capacity of the court-martial to determine his guilt or innocence. *See Brooks*, 66 M.J. at 224. Appellant's claim warrants no relief.

## C. Failure to State an Offense

Pursuant to *Grostefon*, 12 M.J. at 435–36, Appellant contends that the two specifications of abusive sexual contact committed against his daughter fail to state an offense because they do not explicitly state that the act was done without the victim's consent. Therefore, Appellant contends, they must be dismissed. Again, we disagree.

R.C.M. 307(c)(3) states a "specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication." The elements of the offense of abusive sexual contact by causing bodily harm include:

(1) the accused committed sexual contact on the victim, to wit: the contact or acts alleged; and (2) the accused did so by causing bodily harm to the alleged victim, to wit: the alleged bodily harm. 10 U.S.C. § 920(d); *see Military Judges' Benchbook*, Dept. of the Army Pamphlet 27-9, ¶ 3-45-16 (10 Sep. 2014). "Sexual contact" includes, *inter alia*, "any touching . . . either directly or through the clothing, [of] any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person." 10 U.S.C. § 920(g)(2)(B). "Bodily harm" means "any offensive touching of another, however slight, including any non-consensual sexual act or nonconsensual sexual contact." 10 U.S.C. § 920(g)(3).

The specifications in question are substantially similar. One alleges Appellant on divers occasions "touch[ed] the breasts of [TH] by causing bodily harm to [TH], to wit: touching her breasts with [Appellant's] hand with an intent to gratify [Appellant's] sexual desire." The other alleges the same, replacing the term "breasts" with "genitalia."

Appellant essentially reiterates his pretrial motion to dismiss these specifications for failure to state an offense. He correctly argues that to establish abusive sexual contact by bodily harm under Article 120, where the alleged "bodily harm" is the same physical act as the alleged "sexual contact"—in this case, the touching of TH's breasts and the touching of her genitalia with Appellant's hand—the Government must prove the victim did not consent. *See* 10 U.S.C. § 920(g)(3); *Military Judges' Benchbook*, Dept. of the Army Pamphlet 27-9 at 599 (10 Sep. 2014). Therefore, he contends, lack of consent is an element that must be pleaded in the specification. The military judge denied Appellant's motion, concluding that the specifications sufficiently alleged the two elements of abusive sexual contact.

Whether a specification is defective is a question of law that appellate courts generally review de novo. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). However, citing *Ballan*, the Government invites us to apply a plain error standard of review because Appellant admitted during the military judge's providence inquiry to the elements of the offenses and that he committed these offenses without TH's consent. *See id.* at 34 ("[A] charge that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error.") However, we decline to do so. The version of R.C.M. 907(b) in effect at the time of Appellant's court-martial provided that the failure to state an offense was nonwaivable grounds for dismissing a specification at any stage of the proceedings. *Manual for Courts-Martial, United States*, pt. II, ¶ 907(b)(1)(B) (2012). Moreover, unlike Ballan, Appellant did raise the issue at trial.

Nevertheless, even with de novo review Appellant is entitled to no relief. We agree with the military judge: these specifications sufficiently alleged the elements of the offense, apprised Appellant of the allegations he faced, and

protected him from subsequent prosecution for the same acts. *United States v. Crafter*, 64 M.J. 209, 212 (C.A.A.F. 2006). That the specifications, as drafted, would require the Government to prove the victim did not consent does not render the specifications defective.

### D. Post-Trial Delay

Appellant's court-martial concluded on 30 July 2015, and the convening authority took action on 23 November 2015. However, the record of trial was not docketed with this court until 29 December 2015. This 36-day period exceeded the 30-day threshold for a presumptively unreasonable post-trial delay the CAAF established in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Accordingly, we have considered the four factors identified in *Moreno* to assess whether Appellant's due process right to timely post-trial and appellate review has been violated. *Id.* at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005), *United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)). Where, as here, there is no discernible prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. Considering the relevant factors together, we conclude the 36 days that elapsed between the convening authority's action and docketing with this court was not so egregious as to impugn the fairness and integrity of the military justice system.

Recognizing our authority under Article 66(c), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not. On the whole, the processing of Appellant's case has not been subjected to excessive post-trial delay, and we perceive no substantial harm to Appellant, prejudice to the interests of justice or discipline, or erosion of this court's ability to conduct our review or grant appropriate relief that would move us to modify an otherwise fitting sentence.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[11] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[11] We note an error in the promulgating order with respect to the language of Specification 9 of Charge II, where the order refers to "bodily hard" vice "bodily harm." We direct the publication of a corrected court-martial order to remedy this error.