UNITED STATES, Appellee,

v.

**Michael E. REIST**, Sergeant, U.S. Marine Corps, Appellant.

No. 98–0888.
Crim.App. No. 97–1294.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 14, 1999.

Decided April 7, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Major Stephen D. Chace,* USMC (argued); *Lieutenant Robert Attanasio,* JAGC, USNR (on brief); *Lieutenant Albert DiGiulio,* JAGC, USNR.

For Appellee: *Lieutenant Timothy E. Curley,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, *Commander Eugene E. Irvin,* JAGC, USN, and *Lieutenant James E. Grimes,* JAGC, USNR (on brief); *Commander D.H. Myers,* USN, JAGC.

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted by judge alone of attempted sodomy of a child, rape (2 specifications), sodomy of a child (2 specifications), and committing indecent acts with a child (2 specifications), in violation of Articles 80, 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 920, 925, and 934, respectively. These offenses occurred between September 1995 and May 1996. Appellant was sentenced by the military judge to a dishonor-

able discharge, 30 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority suspended confinement in excess of 15 years, otherwise approving the sentence. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER LIEUTENANT COLONEL WARRINER, THE DIRECTOR OF THE LAW CENTER AT MARINE CORPS AIR STATION YUMA, WAS DISQUALIFIED FROM BEING THE ASSISTANT TRIAL COUNSEL BECAUSE HE WAS THE ACCUSER BASED UPON HIS PREFERRAL OF CHARGES AGAINST THE APPELLANT AND HIS PERSONAL INTEREST IN THE CASE.

We hold that it was not plain error for Lieutenant Colonel (LTC) Warriner to act as the assistant trial counsel.

### FACTS

LTC Warriner, Director of the Law Center at Marine Corps Air Station, Yuma, Arizona, signed the charge sheet as the accuser. However, at trial, even though LTC Warriner was announced as the accuser, he was also present and serving as "associate" trial counsel. When asked, LTC Warriner stated that he had not acted in a disqualifying capacity. Additionally, he requested that any request for trial by judge alone be denied and stated that he would ask for a life sentence. Appellant did not move for his disqualification at trial.

After a delay of more than 20 days, appellant voluntarily entered into a pretrial agreement in which he requested trial by judge alone and waived his rights to be tried by members. The convening authority agreed to the conditions in the pretrial agreement, including a provision to suspend any confinement in excess of 15 years. However, during the Government's sentencing argument, LTC Warriner asked the military judge to minimize the mitigating effects of appellant's guilty pleas and characterized appellant's ac-

tion as "cowardly criminal conduct of a sexual pervert."

The defense argues that LTC Warriner abandoned his unbiased position, becoming an "advocate for severity," and that his actions materially prejudiced appellant. Final Brief at 2. Additionally, the defense asserts that his actions "compromised the integrity of the military justice system because a disinterested member of the public would question the fairness and impartiality of proceedings prosecuted in this manner." *Id.* at 3. According to the defense, LTC Warriner's argument "demonstrated a highly personal interest," and thus, there was a clear error of law. *Id.* at 5. Further, the defense urges that the error was obvious and plain, and thus, the Court should not invoke waiver.

The Government argues that at no time did LTC Warriner become an accuser with a personal interest in this case. In any event, the Government asserts, waiver should be applied.

### DISCUSSION

Many individuals involved with a court-martial are disqualified from performing other activities related to that court-martial, including the staff judge advocate, *see* RCM 1106(b), Manual for Courts–Martial, United States (1995 ed.); the Article 32[1] investigating officer, *see* RCM 405(d)(1); the trial and defense counsel, *see* RCM 502(d)(4)(A); the military judge, *see* RCM 902(b)(3); the court members, *see* RCM 912(f)(1)(C); and the convening authority, *see* RCM 504(c)(1).

■ Article 1(9), UCMJ, 10 USC § 801(9), defines an "accuser" as one "who signs and swears to charges." However, "any issue [as to] whether [a] trial counsel was so determined to convict and punish [an accused] that he became an 'accuser' [is] waived" by that accused's failure to raise the issue at trial. *United States v. Rust,* 41 MJ 472, 480 (1995); *see also United States v. Hamilton,* 41 MJ 32, 37 (CMA 1994)(failure to object to errors in the preferral, forwarding, investigation, or review of charges before a plea is entered shall constitute waiver);

1. Uniform Code of Military Justice, 10 USC § 832.

RCM 905(b)(1) and (e). Likewise, the failure to object to improper argument constitutes a waiver of the objection. *United States v. Stadler*, 47 MJ 206, 208 (1997); RCM 919(c).

■ The waiver rules are designed "to prevent defense counsel from remaining silent, making no objection, and then raising the issue on appeal for the first time, long after any possibility of curing the problem has vanished. It is important 'to encourage all trial participants to seek a fair and accurate trial the first time around.'" *United States v. Causey*, 37 MJ 308, 311 (CMA 1993), quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

■ To succeed under a plain error analysis, appellant has the burden of establishing that there was plain or obvious error that "materially prejudiced" his "substantial rights." Art. 59(a), UCMJ, 10 USC § 859(a); *see also United States v. Powell*, 49 MJ 460 (1998).

■ There is no question that LTC Warriner signed the charges and, thus, was disqualified by the Rules of Courts–Martial. This disqualification was known by the parties at trial because trial counsel announced for the record the actions taken by LTC Warriner. *Cf. United States v. Dinges*, 49 MJ 232 (1998); *United States v. Edwards*, 45 MJ 114 (1996). Thus, the only question is whether there was a plain, obvious error that prejudiced appellant's substantial rights.

As to LTC Warriner's assurance on the record that he was not disqualified because he was an "associate," rather than "assistant" trial counsel, the court below correctly remarked:

> The title of associate trial counsel, fabricated for Lieutenant Colonel Warriner in this case, is unknown to the Code or the Manu-

al.... Rather than creating an office for himself, Lieutenant Colonel Warriner might have better exercised the discretion inherent in his position as Director of the Law Center.

Unpub. op. at 2 n. 2. LTC Warriner's conduct, however, did not impact on appellant's trial. Disqualification takes many forms, such as signing the charge sheets or obtaining privileged information as a former defense counsel. There is a vast difference between the rules applying to such circumstances and those determining when waiver should be applied.

Appellant's voluntary pleas of guilty to the offenses and voluntary election of a judge alone trial took place after LTC Warriner argued that any judge alone request should be denied. The sentencing argument by LTC Warriner did not illustrate a personal animus but, instead, the "hard blows" that may be struck by a prosecutor during argument on the sentence. *United States v. Doctor*, 7 USCMA 126, 133, 21 CMR 252, 259 (1956). Nor did his actions show a personal interest in the case.

Appellant pleaded guilty to very serious offenses: 2 specifications of rape, 1 specification of attempted sodomy, 2 specifications of sodomy, and 2 specifications of committing indecent acts with his 6–year–old step-daughter. He was sentenced to a dishonorable discharge, 30 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to the pretrial agreement, the convening authority suspended confinement in excess of 15 years. Thus, we hold that any error did not materially prejudice the substantial rights of appellant.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.