*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

―――――――――――

### UNITED STATES
Appellee

**v.**

### Ryan A. HARDY, Captain
United States Air Force, Appellant

**No. 17-0553**
Crim. App. No. 38937

Argued February 27, 2018—Decided June 5, 2018

Military Judge: Donald R. Eller Jr.

For Appellant: *Catherine M. Cherkasky,* Esq. (argued); *Captain Patrick A. Clary* (on brief).

For Appellee: *Major Matthew L. Tusing* (argued); *Colonel Julie L. Pitvorec*, *Lieutenant Colonel Joseph Kubler*, and *Mary Ellen Payne*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Judges RYAN and SPARKS joined. Chief Judge STUCKY filed a separate opinion concurring in the result. Judge OHLSON filed a separate dissenting opinion.

―――――――――――

Judge MAGGS delivered the opinion of the Court.

A military judge sitting as a general court-martial found Appellant guilty, pursuant to his pleas, of twelve sexual offenses against his biological daughter and one sexual offense against his stepdaughter.[1] The military judge sentenced Ap-

―――――――――――

[1] The twelve offenses against his biological daughter, T.H., included: two specifications of abusive sexual contact with a child [Charge II, Specifications 1 and 2], one specification of aggravated sexual abuse of a child [Charge II, Specification 3], one specification of an indecent act [Charge II, Specification 4], and two specifications of indecent liberties with a child [Charge II, Specifications 5 and 6], in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006) (as amended by the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3258 (effective Oct. 1, 2007)); two specifications of abusive sexual contact [Charge II, Specifications

pellant to a dismissal, confinement for sixteen years and one day, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement (PTA), the convening authority approved only so much of the sentence as provided for a dismissal and confinement for twelve years.

On appeal to the United States Air Force Court of Criminal Appeals (AFCCA), Appellant argued that the military judge should have merged several specifications of the charges against him for the purpose of sentencing because there was an unreasonable multiplication of charges. *United States v. Hardy*, 76 M.J. 732, 734−35 (A.F. Ct. Crim. App. 2017). The AFCCA determined that Appellant had waived any unreasonable multiplication of charges objection (UMC objection) by making an unconditional guilty plea. *Id.* at 737. The AFCCA then also declined to exercise its power, under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to address the UMC objection notwithstanding the waiver. The AFCCA affirmed the approved findings and sentence. 76 M.J. at 740.

We granted review on the issue of whether an unconditional guilty plea waives an unpreserved UMC objection. We conclude that it does, based on Rules for Courts-Martial (R.C.M.) 905(b)(2) and (e) and our recent precedents. Our decision does not affect the power of a Court of Criminal Appeals (CCA) to exercise its powers under Article 66(c), UCMJ, to address an unpreserved UMC objection. We also note that an executive order soon will amend R.C.M. 905(e), likely affecting the analysis of future cases involving unpre-

---

7 and 8], in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012); one specification of sexual abuse of a child [Charge III, Specification 1], in violation of Article 120b, UCMJ, 10 U.S.C. § 920b (2012); one specification of sodomy with a child [Charge IV, the Specification], in violation of Article 125, UCMJ, 10 U.S.C. § 925 (2006); one specification of conduct unbecoming an officer [Charge V, the Specification], in violation of Article 133, UCMJ, 10 U.S.C. § 933 (2012); and one specification of communicating indecent language [Charge VI, Specification 1], in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2012). The sexual offense against his stepdaughter, A.T., was one specification of an indecent act [Charge VI, Specification 2], in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2006). The military judge dismissed several additional specifications in the charge sheet to which Appellant pleaded not guilty.

served UMC objections in which there is no other ground for finding waiver.[2]

## I. Appellant's UMC Objection

The offenses to which Appellant pleaded guilty took place between 2007 and 2013 in various locations in the United States and Germany when his daughter and stepdaughter were children. Of concern on this appeal are Specifications 2 through 8 of Charge II. Specifications 2 through 4 averred that Appellant caused his biological daughter to touch his genitalia on divers occasions, that he touched her breasts and genitalia on divers occasions, and that he watched pornography in her presence on divers occasions. Specifications 5 and 6 averred that Appellant masturbated in his biological daughter's presence on divers occasions and ejaculated on her bare chest. Specifications 7 and 8 averred that Appellant touched his biological daughter's breasts on divers occasions, and that he touched her genitalia on divers occasions.

Appellant asserts that Specifications 2 through 6 should have been merged for sentencing. He explains that the instances of touching his biological daughter's breasts and genitalia, watching pornography in her presence, and masturbating in her presence all occurred on the same occasions, and that he ejaculated on her chest on one of these occasions. Appellant similarly asserts that Specifications 7 and 8 should have been merged for sentencing because the instances of touching his biological daughter's breasts and touching her genitalia covered by these specifications occurred on the same occasions. Appellant asserts that the merger of these specifications would have significantly reduced the maximum sentence that the court-martial could impose. Although the recalculated maximum sentence still would exceed the sixteen-year and one-day sentence adjudged, and the twelve-year sentence approved, a lower

---

[2] The President amended the language of R.C.M. 905(e) in Executive Order No. 13,825. *See* Exec. Order No. 13,825, 83 Fed. Reg. 9889 (Mar. 8, 2018) (effective Jan. 1, 2019). The amendment specifies that a failure to raise an objection under R.C.M. 905(b) "forfeits" the objection "absent an affirmative waiver." This amendment is not yet in effect and will not apply to cases in which charges were referred to trial prior to the effective date. *Id.*

maximum sentence might have affected the military judge's deliberations.

Appellant did not raise his UMC objection before entering his plea. The PTA did not contain a provision that specifically waived such an objection or that generally waived all objections. Before entering his plea, the military judge, trial counsel, and defense counsel discussed the maximum sentence that the court-martial could impose based on Appellant's guilty plea. Through counsel, Appellant agreed that on the basis of the charges and offenses that the court-martial could sentence him to 150 years and 6 months of confinement. Defense counsel did not argue that the maximum sentence of confinement should be reduced by a merger of specifications.

The AFCCA analyzed the UMC objection as presenting two key issues. The first was whether Appellant waived or forfeited the objection. *Hardy*, 76 M.J. at 737. Relying on this Court's decision in *United States v. Schweitzer*, 68 M.J. 133 (C.A.A.F. 2009), and other precedents, the AFCCA concluded that Appellant had waived the issue by not raising it prior to entering a guilty plea. *Id.* The second issue was whether the AFCCA should exercise its authority to address the objection through its powers under Article 66(c), UCMJ, in spite of the waiver. *Id.* Citing *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), and other precedents, the AFCCA determined no corrective action under Article 66(c), UCMJ, was warranted. *Id.* Our review is limited to the first of these issues.

## II. Analysis

R.C.M. 307(c)(4) directs that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." If charges have been unreasonably multiplied, the accused may seek appropriate relief from the military judge. *See* R.C.M. 906(b)(12). The relief may include dismissal of lesser offenses, *id.* 906(b)(12)(i), merger of offenses into one specification, *id.*, or a determination that the maximum punishment for the unreasonably multiplied offenses is the maximum authorized punishment of the offense carrying the greatest maximum penalty, *id.* 906(b)(12)(ii).

This case requires us to determine the consequences of failing to raise an objection of unreasonable multiplication of charges before entering an unconditional guilty plea. We have held that when an appellant has forfeited an issue, we may review the issue for plain error, but when an appellant has waived an issue, we cannot review it at all. *See United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017). The dispute in this case is whether to characterize Appellant's failure to raise the UMC objection as a forfeiture or a waiver. Appellant argues that the failure was a forfeiture and seeks a plain error review, while the Government contends that the failure was a waiver.

The issue whether a guilty plea waives or forfeits an unreasonable multiplication of charges claim is not new, but our prior decisions have not entirely settled the matter. The case most directly on point is *United States v. Denton*, 50 M.J. 189 (C.A.A.F. 1998) (summary disposition), but its meaning and precedential value are uncertain. In *Denton*, by a summary order and without providing a clear explanation, this Court dismissed a UMC objection on the ground that it was waived when it was not raised or litigated at trial. *Id.* The order did not suggest that the Court had conducted a plain error review. *Id.* The CCAs in a few unreported cases have cited the *Denton* order for the general proposition the accused waives an unpreserved UMC objection by pleading guilty. *See, e.g., United States v. Dillon*, No. ACM 34933, 2004 CCA LEXIS 51, *6, 2004 WL 388965, *2 (A.F. Ct. Crim. App. Feb. 11, 2004); *United States v. McFall*, No. NMCCA 98 01173, 1999 CCA LEXIS 291, at *6, 1999 WL 1076791, *2 (N-M. Ct. Crim. App. Nov. 19, 1999). Although we ultimately agree with *Denton*'s conclusion, we believe that the issue deserves a more complete analysis and explication than the summary order provides.

Addressing the issue squarely now, we begin with R.C.M. 905(b)(2). This rule requires objections "based on defects in the charges and specifications" to be raised before a guilty plea is entered. *Id.* A UMC objection is such an objection because the accused is asserting that the charges and specifications violate R.C.M. 307(c). *See* R.C.M. 905(b)(2) Discussion (cross-referencing R.C.M. 307); *United States v. Mincey*, 42 M.J. 376, 378 (C.A.A.F. 1995) (similarly holding that an

objection to "the misjoinder of numerous bad-check offenses into one duplicitous specification" should have been made under R.C.M. 905(b)(2)).[3] The first two sentences of R.C.M. 905(e) address the consequences of not raising objections listed in R.C.M. 905(b). These sentences currently say: "Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule shall constitute waiver. The military judge for good cause shown may grant relief from the waiver."[4]

The plain language of R.C.M. 905(b)(2) and (e) leads to the conclusion that Appellant waived his UMC objection by not raising it before pleading guilty. But the matter is complicated because of disagreement about whether the word "waiver" in R.C.M. 905(e) really means "waiver" or instead means "forfeiture." *See United States v. Gudmundson*, 57 M.J. 493, 495 n.3 (C.A.A.F. 2002) (discussing the disagreement). Some older cases have reviewed issues "waived" under R.C.M. 905(b) and (e) for plain error, suggesting that the "waiver" should be treated as forfeiture. *See, e.g., United States v. Reist*, 50 M.J. 108, 109−10 (C.A.A.F. 1999) (holding that an objection to defects in the preferral under R.C.M. 905(b)(1) was waived under R.C.M. 905(e) but reviewing the issue for plain error). But we did not follow this approach in our most recent case addressing R.C.M. 905(b) and R.C.M. 905(e), *United States v. Swift*, 76 M.J. 210 (C.A.A.F. 2017). In *Swift*, we held that a motion to suppress a confession should have been made before trial under R.C.M. 905(b)(3) and that the failure to raise the issue permanently waived it under the language of the first two sentences of R.C.M. 905(e). 76 M.J. at 217−18 (citing R.C.M. 905(e) in addition to Military Rule of Evidence 304(f)(1) as grounds for finding waiver). Because the issue was permanently waived, this Court did not review it for plain error. *See id.* We think that

---

[3] Our summary order in *Denton* did not cite R.C.M. 905(b)(2) and (e) but the government relied on them in arguing that the appellant waived the UMC objection. *See* Answer to the Assignment of Error, *United States v. Denton*, No. ARMY 9501968 (A. Ct. Crim. App. Aug. 8, 1996).

[4] Again we observe that Exec. Order No. 13,825 will amend R.C.M. 905(e). *See supra* note 2.

*Swift* is the correct approach for deciding whether UMC objections are waived permanently or merely forfeited under R.C.M. 905(b)(2) and R.C.M. 905(e).[5] Thus, in accordance with the text of these rules, the *Swift* precedent, and the *Denton* order, we conclude that Appellant waived the UMC objection and that the objection is not reviewable for plain error.

This result is also required by the general principle of criminal law that an "unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Lee*, 73 M.J. 166, 167 (C.A.A.F. 2014) (internal quotation marks omitted) (quoting *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010)). The Supreme Court has explained this principle as follows: "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989). We have cited the principle in many cases. *See, e.g., Schweitzer*, 68 M.J. at 136; *United States v. Joseph*, 11 M.J. 333, 335 (C.M.A. 1981); *United States v. Rehorn*, 9 C.M.A. 487, 488−89, 26 C.M.R. 267, 268−69 (1958). Applying the principle here, because an unreasonable multiplication of charges is not a jurisdictional defect, a guilty plea waives the objection.

To be sure, we have recognized some exceptions to this general principle about the effect of a guilty plea. *See, e.g., United States v. Pratchard,* 61 M.J. 279, 280 (C.A.A.F. 2005)

---

[5] The dissent cites several pre-*Swift* cases regarding R.C.M. 905(e) in which the Court applied principles of forfeiture rather than waiver. *United States v. Hardy,* __ M.J. __, __ (2–3, 2 n.2) (C.A.A.F. 2018) (Ohlson, J., dissenting). These cases illustrate this Court's past difficulty in delineating the concepts of "waiver" and "forfeiture" in a consistent manner. We agree with the dissent about the importance of the principle of stare decisis, but think that following *Swift*, the most recent decision applying R.C.M. 905(e)'s first two sentences, best serves this principle. When confronted with conflicting precedents, we generally follow the most recent decision. *See, e.g., United States v. Birge*, 52 M.J. 209, 211 (C.A.A.F. 1999) (recognizing that "some of our prior cases suggested that Article 10 rights could not be waived" but deciding to follow "our most recent precedent . . . [which] concluded that failure to raise the issue constituted waiver of Article 10").

(holding that a guilty plea does not waive a speedy trial objection under Article 10, UCMJ, 10 U.S.C. § 810); *United States v. Pauling,* 60 M.J. 91, 94 (C.A.A.F. 2004) (holding that a guilty plea does not waive a multiplicity issue when the offenses are "facially duplicative"). But Appellant has not suggested, and we do not see any reason to create an exception to the general principle for UMC objections.

As a practical matter, a UMC objection must be raised before the accused enters a guilty plea because the objection may affect the maximum sentence that the court-martial may impose. Under R.C.M. 910(c)(1), before a military judge accepts a guilty plea, the military judge must inform the accused of the "maximum possible penalty provided by law" and "determine that the accused understands." The military judge cannot perform this duty accurately if a UMC objection later will result in a merger of specifications. Typically, as in this case, before accepting the guilty plea, the military judge asks trial counsel what the government calculates the maximum punishment to be, and the military judge then asks defense counsel if the accused agrees. By so agreeing, the accused implicitly concedes that there is no UMC objection because the remedy for such an objection would affect the maximum sentence. *See* R.C.M. 906(b)(12)(i) & (ii) (specifying remedies for valid objections).

Appellant argues that this Court has treated unpreserved UMC objections as forfeited rather than waived, and has reviewed them for plain error. As a prominent example, Appellant cites *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). We disagree. *Quiroz* is not a case about whether a guilty plea waives or forfeits an unreasonable multiplication of charges claim. On the contrary, *Quiroz* is about how a CCA may exercise its special power under Article 66(c), UCMJ, to revise a case notwithstanding the failure to preserve the objection at trial. In *Quiroz*, the accused raised a UMC objection before the CCA. 55 M.J. at 338. The government responded that the accused had waived the objection by not raising at trial.[6]

---

[6] The government relied on the *Denton* order in arguing that the guilty plea waived the UMC objection. *See United States v. Quiroz*, 53 M.J. 600, 606 (N-M. Ct. Crim. App. 2000).

The CCA did not resolve the issue of whether the objection was waived or forfeited. In *Quiroz*, we explained the posture of the issue in detail as follows:

> [The accused] raised the issue before the Court of Criminal Appeals in terms of an unreasonable multiplication of charges, and the Government responded that relief should not be granted because the issue of unreasonable multiplication was not raised at trial. The Court of Criminal Appeals chose not to address this question in terms of whether the motion at trial fairly embraced the issue on appeal [i.e., preserved the issue], but instead focused on the unique statutory responsibility of the Courts of Criminal Appeals to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ, 10 USC § 866(c).

*Id.* This Court concluded the CCA "was well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture to the type of error at issue in the present case." *Id.* (citing *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991)). The Court also approved five factors for a CCA to use in exercising its Article 66(c), UCMJ, powers.[7] *Id.*

In this case, as recounted above, the AFCCA first concluded that that Appellant had waived his unreasonable multiplication of charges claim, and then decided not to exercise its Article 66(c), UCMJ, power to address the matter despite the waiver. *Hardy*, 76 M.J. at 737. This was

---

[7] The five factors are:

> (1) Did the [appellant] object at trial that there was an unreasonable multiplication of charges and/or specifications?; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Quiroz*, 55 M.J. at 338 (internal quotation marks omitted) (citation omitted).

the proper approach to the issues. Whether the AFCCA properly exercised its power is not before this Court because Appellant has not appealed the Article 66(c), UCMJ, determination.

Appellant also argues against waiver based on the language of R.C.M. 910(j). This rule says, in relevant part, that "a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." Appellant contends that a guilty plea does not waive a UMC objection because such an objection does not relate to the factual issue of guilt. We agree that R.C.M. 910(j) does not address UMC objections, but reject Appellant's argument because R.C.M. 910(j) is not the only relevant rule. As explained above, R.C.M. 905(b)(2) and (e) provide that a UMC objection is waived if not raised at trial.

Appellant also argues that if the government wants to secure a waiver of UMC objections, it could do so explicitly by adding a waiver clause in a PTA. Appellant notes that many PTAs contain "waive all waivable motions" clauses. We have no reason to question whether these clauses may suffice to waive a UMC objection, but we do not believe that they are necessary for the reasons given above.

### III. Conclusion

We conclude that an unconditional guilty plea waives any unpreserved unreasonable multiplication of charges objection. We do not disturb the holding in *Quiroz* that a CCA may choose to use its Article 66(c), UCMJ, power to address a UMC objection that has been waived.

### IV. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge STUCKY, concurring in the result.

The majority opinion analyzes the issue presented under Rules for Courts-Martial (R.C.M.) 905 and 906 and concludes that by pleading guilty unconditionally, Appellant waived the issue. *United States v. Hardy*, __ M.J. __ (6–7) (C.A.A.F. 2018) (citing R.C.M. 905(e)). It then states that "[t]his result is also required by the general principle of criminal law that an unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings …. [and] unreasonable multiplication of charges is not a jurisdictional defect." *Id.* at __ (7) (internal quotation marks omitted) (citations omitted).

I agree with the majority's alternative holding: Appellant's guilty plea waived all nonjurisdictional defects and unreasonable multiplication of charges is not a jurisdictional defect. I disagree, however, that the waiver provision of R.C.M. 905(e) applies to Appellant's case and that therefore the results of a similar case would be different after January 1, 2019, when amendments to that rule are scheduled to take effect that will change the standard of review from waiver to plain error.[1] *See Hardy*. __ M.J. at __ n.2 (3 n.2).

As part of a plea agreement, Appellant pled guilty to numerous sex offenses. In exchange, the convening authority agreed to limit any confinement he would approve to twelve years.

During the plea inquiry, the military judge discussed with Appellant and his counsel the maximum punishment that could be imposed as a result of the guilty plea. Appellant agreed with the military judge that his confinement exposure totaled 150 years and 6 months.

The military judge sentenced Appellant to a dismissal, confinement for sixteen years and one day, and forfeiture of all pay and allowances. To fulfill the terms of the plea agreement, the convening authority disapproved four of the sixteen years of confinement.

---

[1] *See* Exec. Order No. 13,825, 83 Fed Reg. 9889 (Mar. 8, 2018) (effective Jan. 1, 2019).

Appellant now claims that the charges and specifications were unreasonably multiplied and the maximum authorized punishment for his offenses was 85 years less than the 150-year maximum he agreed to at trial, or about 65 years. His counsel asserts that "[s]uch a drastic margin represents an unreasonable increase in Capt Hardy's punitive exposure for these offenses."

The majority and the dissent focus much of their attention on R.C.M. 905. That rule explains when a motion must be made and the standard the appellate court will employ to review an appellant's failure to make such a motion. In accord with our precedents, the majority asserts, *Hardy,* __ M.J. at __ (5–7), that a motion alleging that specifications have been unreasonably multiplied should be filed under R.C.M. 905(b)(2)—"objections based on defects in the charges and specifications (other than any failure to show jurisdiction or to charge an offense)."[2] Currently, R.C.M. 905(e) provides that failure to raise an R.C.M. 905(b) motion before entry of pleas "shall constitute waiver."

But this is a guilty plea. The appellate standards cited in R.C.M. 905(e) apply to the failure of an appellant to raise an issue during a contested trial. R.C.M. 905(e) simply does not apply to guilty pleas.

By pleading guilty, an accused gives up many rights, including constitutional rights, such as the right to a trial of the facts. *See United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996); R.C.M. 910(c)(3); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018) (noting that a valid guilty plea forgoes the right to a fair trial and other constitutional guarantees, but not "a waiver of the privileges which exist beyond the confines of the trial," such as contesting the constitutionality of the statutes on which his convictions were

---

[2] In 2016, the President recognized that an objection to the unreasonable multiplication of charges should be made as a motion for appropriate relief. R.C.M. 906(b)(12); *see Manual for Courts-Martial, United States*, Analysis of the Rules for Courts-Martial app. 21 at A21-54 (2016 ed.); *see also United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (abandoning multiplicity for sentencing and replacing it with unreasonable multiplication of charges for sentencing).

based) (internal quotation marks omitted) (citation omitted)). An unconditional guilty plea generally waives all defects which are neither jurisdictional nor a deprivation of due process of law. *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009).

As evidenced by his stipulation of fact, Appellant knew before trial the nature of the offenses to which he was pleading guilty. At trial, he specifically agreed with the military judge that his criminal exposure to confinement exceeded 150 years. If he thought there was an unreasonable multiplication of charges for sentencing, such that his confinement exposure was only sixty-five years, he should have raised it to the military judge during the plea inquiry. If the military judge were to rule against him, Appellant could then decide to try to negotiate a change to his plea agreement preserving the issue for appeal, to preserve the issue for appeal by withdrawing his guilty plea, or to accept the military judge's ruling, forgo his ability to appeal the issue, and benefit from the sentence cap in his plea agreement. By pleading guilty, Appellant chose the latter course and, therefore, extinguished the issue as an issue for appeal.

Judge OHLSON, dissenting.

Waiver is serious business. It extinguishes rights of an accused, forever banishing waived legal issues from the purview of any appellate court. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). Consequently, this Court should invoke the waiver doctrine with great caution. In the instant case, I believe that the exercise of that caution should cause us to conclude that Appellant forfeited, rather than waived, his unreasonable multiplication of charges (UMC) claim for sentencing. Therefore, I respectfully dissent.

The majority bases its decision in this case on two points—the language of Rule for Courts-Martial (R.C.M.) 905(e), and the general waiver principles associated with unconditional guilty pleas. *United States v. Hardy*, __ M.J. __, __ (4–8) (C.A.A.F. 2018). I will address each point in turn.

First, R.C.M. 905(e) provides:

> Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule shall constitute *waiver*. The military judge for good cause shown may grant relief from the *waiver*. Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in the Manual, failure to do so shall constitute *waiver*.

(Emphasis added.)

I readily concede that the plain language of the rule says "waiver." Under typical circumstances, this alone would prove dispositive of the point. However, we have long interpreted R.C.M. 905(e) as a *forfeiture* provision.[1] Specifically,

---

[1] The reason for this seeming judicial overreach is clear; the term "waiver" and the term "forfeiture" have frequently—and incorrectly—been substituted for one another. Because of this Court's—and military law's—history of not consistently delineating between "waiver" and "forfeiture," it often is unclear what principle was actually being invoked in rules or in prior judicial opinions. *See Gladue*, 67 M.J. at 313 (noting "the failure of military courts to consistently distinguish between the terms 'waiver'

in such cases as *United States v. Reist*, 50 M.J. 108, 109–10 (C.A.A.F. 1999), *United States v. Carroll*, 43 M.J. 487, 488 (C.A.A.F. 1996), and *United States v. Green*, 37 M.J. 380, 384 (C.M.A. 1993), we have applied forfeiture, not waiver.

The majority cites *United States v. Swift*, 76 M.J. 210 (C.A.A.F. 2017), as precedent for treating R.C.M. 905(e) as a waiver provision. *Hardy*, __ M.J. at __ (7). However, *Swift* is not controlling—it only mentioned R.C.M. 905(e) in passing when holding that an entirely different rule, Military Rule of Evidence (M.R.E.) 304(f)(1), was a waiver provision. 76 M.J. at 217–18. Therefore, in light of this Court's long history of interpreting R.C.M. 905(e) as a forfeiture provision,[2] the application of the principle of stare decisis should be dispositive of this issue.

In reaching this conclusion, it is important to note that the President has never altered R.C.M. 905(e) in such a manner as to reject our prior interpretation of the rule. *See United States v. Tualla*, 52 M.J. 228, 231 (C.A.A.F. 2000) ("Executive acquiescence is entitled to considerable weight in view of the relative ease with which the Manual [for Courts-Martial] can be amended."). Quite to the contrary, as the majority acknowledges, *Hardy*, __ M.J. at __, __ (3 n.2, 6 n.4), *the President has formally adopted our interpretation of R.C.M. 905(e) as a forfeiture provision. See* Exec. Order No. 13,825, 83 Fed. Reg. 9889, 9984–85 (Mar. 1, 2018) (effective

and 'forfeiture'"). So, for instance, when the majority cites *United States v. Denton*, 50 M.J. 189 (C.A.A.F. 1998) (summary disposition), to support waiver, it is unclear from the brief summary disposition of that case whether this Court was actually invoking the waiver doctrine, or whether it used the term "waiver" when it more appropriately should have used the term "forfeiture."

[2] *See United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008); *United States v. Inong*, 58 M.J. 460, 464–65 (C.A.A.F. 2003); *United States v. Gudmundson*, 57 M.J. 493, 495 n.3 (C.A.A.F. 2003); *United States v. Chapa*, 57 M.J. 140, 143 (C.A.A.F. 2002); *United States v. Godshalk*, 44 M.J. 487, 490 (C.A.A.F. 1996); *United States v. Briggs*, 42 M.J. 367, 370 (C.A.A.F. 1995); *United States v. Straight*, 42 M.J. 244, 247 (C.A.A.F. 1995). *But see Swift*, 76 M.J. at 217–18 (relying on M.R.E. 304 to find waiver, but also citing to R.C.M. 905(e) in passing).

Jan. 1, 2019). Thus, in light of the majority's opinion, we are left with the anomalous situation where R.C.M. 905(e) has been interpreted as a forfeiture provision in the past, will be interpreted as a forfeiture provision in the future, but will be interpreted as a waiver provision right here and right now.[3]

For these reasons, I would follow the principle of stare decisis and reaffirm our prior precedent by continuing to treat R.C.M. 905(e) as a forfeiture provision.[4]

The second point underlying the majority's opinion is the general principle of waiver as it relates to unconditional guilty pleas. For the reasons cited below, I once again conclude that the better approach would be to apply forfeiture in the instant case.

Waiver constitutes "the *intentional* relinquishment or abandonment of a known right." *Gladue*, 67 M.J. at 313 (emphasis added) (citation omitted) (internal quotation marks omitted). An unconditional guilty plea, standing alone, only constitutes the waiver of "all nonjurisdictional defects *at earlier stages of the proceeding.*" *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (emphasis added).[5] Claims of UMC, however, can be made at both the find-

---

[3] The question that naturally follows is, "To what end?" Applying forfeiture instead of waiver in this case would not lead to a windfall for Appellant, nor would it impose an undue burden on the Government. Forfeiture is reviewed for plain error, *Gladue*, 67 M.J. at 313, and plain error is a difficult hurdle for an appellant to surmount. (Indeed, within the context of a UMC claim, for example, courts look to five factors when determining error, the first of which is whether or not the accused objected at trial. *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001).)

[4] This analysis assumes that the first two sentences of R.C.M. 905(e) even apply to UMC claims for sentencing, which arguably they do not. The first two sentences refer to claims that "must be made *before* pleas are entered." R.C.M. 905(e) (emphasis added). Claims of UMC for sentencing, however, are typically raised at the sentencing phase. *United States v. Forrester*, 76 M.J. 479, 484 (C.A.A.F. 2017); *see also* R.C.M. 1003(c)(1)(C)(ii).

[5] Additionally, this Court has previously recognized that an unconditional guilty plea does not always by itself waive an objection on a nonfactual issue. *See United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009) (noting that under an unconditional

ings *and* sentencing phases of a court-martial and are distinct at each phase. *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) ("[T]he concept of [UMC] may apply differently to findings than to sentencing."). To ensure that an accused understands that he is relinquishing all nonjurisdictional defects not only at the findings phase of the hearing but also at the later sentencing phase, this point should be more clearly spelled out to him. Then it would be clear on the record that the accused has *intentionally* relinquished his rights regarding issues such as UMC and, consequently, that waiver applies.

The majority notes that the military judge asked the trial counsel what the Government calculated the maximum punishment to be, and the defense did not disagree with that calculation. *Hardy*, __ M.J. at __ (4). Thus, the majority concludes that the accused "*implicitly*" conceded that there was no UMC objection. *Id.* at __ (8). Simply stated, however, I think the better practice would be to require an accused to more *explicitly* concede the point so that it would be clear on the record that there was an "*intentional* relinquishment or abandonment of a known right." *Gladue*, 67 M.J. at 313 (emphasis added) (citation omitted) (internal quotation marks omitted).

This is particularly true in a situation such as this one where the Government's calculation of the maximum exposure of an accused is both rather perfunctory and not particularly realistic.[6] Moreover, this inquiry about the possible punitive exposure of an accused is made during the findings phase of the case. An accused's agreement with a *theoretical* sentence at *findings* does not equate to an accused understanding that no motions will be available later for reducing the punishment that *actually* will be imposed at *sentencing*.

---

guilty plea, multiplicity not waived if facially duplicative, speedy trial objection under Article 10 not waived, and no waiver of failure to state an offense).

[6] In this case, Appellant technically could have been sentenced to 150 years and 6 months in prison. He actually received less than one-tenth of that term of imprisonment.

I conclude that inferential leaps should not create an "implicit" and yet, somehow, "intentional" relinquishment of a known right. Thus, without prior caselaw holding that a UMC claim is waived in the course of an unconditional guilty plea, I do not find an adequate basis to conclude that the accused knowingly and intentionally waived that right. Accordingly, I respectfully dissent.